Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7337 | **DATE** | 6/12/2001 |
| **CASE TITLE** | George Ruff, et al. vs. Partner's Liquidating Trust | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Third-party defendants Leonard Levine's and Neil Hansen's motion for judgment on the pleadings [21-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 19 2001 | |
| | Notified counsel by telephone. | date docketed | 51 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | EDIT<br>FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 JUN 18 PM 6:09 | docketing deputy initials<br>6/12/2001<br>date mailed notice |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | MDF<br>mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE RUFF, ET AL., | )<br>) |
| Plaintiff, | ) No. 00 C 7337<br>) |
| v. | ) Suzanne B. Conlon, Judge<br>) |
| PARTNER'S LIQUIDATING TRUST, | )<br>) |
| Defendants. | ) |

DOCKETED
JUN 1 9 2001

## MEMORANDUM OPINION AND ORDER

George Ruff, Dennis Callaghan, Scott L. Lager, Mitchell Hochberg, Stephen Berini, Jack Shaffer, and Allen Seeland sue Partners Liquidating Trust ("the Trust") for attorneys fees and costs and seek declaratory relief as to the extent and nature of their liability under six promissory notes allegedly assigned to the Trust. The Trust has filed a third-party complaint against Leonard Levine ("Levine") and Neil Hansen ("Hansen") (collectively "third-party defendants") for defaulting on promissory notes. Third-party defendants move for judgment on the pleadings, pursuant to Fed.R.Civ.P 12(c).

## BACKGROUND

For purposes of a motion for judgment on the pleadings, the court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). On December 31, 1984 third-party defendants signed partial recourse promissory notes in the amount of $1,180,000 in favor of VMS Mortgage Company III ("VMS III"). These notes are the subject of this dispute.

On March 31, 1992, VMS partners and VMS principal entities (collectively "VMS") entered into the "Creditor Repayment Agreement" ("CRA") with their creditors, who are beneficiaries of the Trust.[1] Under the CRA, VMS assigned its assets to the Trust for the benefit of its creditors, in exchange for mutual releases. The mutual releases were signed pursuant to the CRA and released the following:

> Each of the VMS Partners and their respective Associates . . . from any and all claims whatsoever which any of the VMS Releasing Partners may have had, presently have or in the future may have against the Creditor Released Parties which arise, have arisen or may hereinafter arise in whole or in part out of or on account of such Creditor's Existing Indebtedness, whether known or unknown and if unknown, whether or not the unknown matter would have been material to . . . the decision to enter into this Release or the Creditor Repayment Agreement.

Am. Cmplt. Ex. 8. The CRA defines associates of a person as "such Person's shareholders, general partners, directors, officers, employees, agents, and advisors, and shareholders, general partners and family members of any of the foregoing Persons." The Trust's Response to Motion For Judgment ("Trust Resp."), Ex. A, vol. 1, CRA at § 1.01.

VMS and the Trust further agreed that no recourse could be taken against non-recourse parties with respect to any documents relating to the CRA. Specifically, the agreement provided:

> "[N]o recourse (including, without limitation, recourse under any deficiency judgment) shall be had against the Non-Recourse Parties . . . or any of their respective assets," and "each VMS Partner, with respect to Partner Indebtedness only, hereby waives

---

[1] The CRA created three tiers for over 400 VMS entities. Tier I, entitled "VMS partners" consisted of named VMS partners plus four additional corporations and two additional partnerships. Tier 2, entitled "VMS principal entities," was made up of seven specifically named partnerships. Tier 3, entitled "VMS entities," included VMS partners and principal entities, VMS Mortgage Companies I, II, and III, and VMS Realty, Inc. Tiers 3 did not sign the CRA or the mutual releases.

> the right to seek or assert (A) any respective assets, (B) a judgment against any Non-Recourse Parties or any of their respective assets, (C) any other legal action against any Non-Recourse Parties or any of their respective assets, except for the right to realize upon . . . assets of the VMS Principal Entities . . . .

*Id.* at § 10.04. Non-recourse parties are defined as "any VMS Partner or any Affiliates or Associates of any of them or any Affiliates or Associates of any VMS Principal Entity . . . or any successors or assigns of any of them." *Id.* An affiliate of a person is defined as "a person that directly or indirectly through one or more intermediaries, controls, is controlled by or is under common control with that person . . ." *Id.* at § 1.01. Based on these definitions, the parties dispute whether the CRA released counter-defendants from their note obligations.

## DISCUSSION

### I. Motion for judgment standard

After pleadings are closed, a party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). When the moving party does not submit evidence outside the pleadings, a 12(c) motion is evaluated under the same standard as a motion to dismiss. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *Paist v. Town and Country Corp.*, 744 F.Supp. 179, 181 (N.D. Ill. 1990). The court will grant a 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (citing *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The facts are viewed in the light most favorable to the nonmovant. *Id.*

## II. The releases and non-recourse provisions

Counter-defendants contend the CRA released their note obligations because they were associates and affiliates of VMS partners and VMS principal entities. The Trust asserts counter-defendants did not work for VMS partners or principal entities, but rather were associates or affiliates of VMS entities, namely VMS Realty, Inc. or VMS Realty Partners.

For purposes of this motion, the court must only decide if it can reasonably be inferred that counter-defendants were not associates or affiliates of VMS partners or principal entities. Based on the pleadings, it can reasonably be concluded that counter-defendants were not affiliates of a VMS partner or principal entity. Counter-defendants offer no facts suggesting that they were controlled by or under common control with a VMS partner or principal entity.[2] Similarly, the pleadings do not preclude a conclusion that counter-defendants were exclusively associates of VMS entities, rather than associates of the VMS partners. Counter-defendants were not named as partner associates in the CRA or mutual releases. In fact, their names were never specifically mentioned. Furthermore, neither the CRA nor the pleadings define counter-defendants' job responsibilities.[3] Accordingly, it may reasonably be inferred from the pleadings that the mutual releases and the CRA's non-recourse provisions do not protect counter-defendants from liability.

---

[2] The Trust's remaining arguments pertaining to counter-defendants' status as affiliates are moot.

[3] In their reply, counter-defendants offer the deposition testimony of Joel Stone, the Trust's primary witness and one of the VMS partners' principals. Stone testified that counter-defendants advised the VMS partners. Counter-defendants' Reply, Ex. 1 at pp. 95-96. Although parties moving for judgment may introduce evidence to support their positions, thus turning the motion into one for summary judgment, they may not introduce new arguments and evidence for the first time in a reply brief. *United States v. Feinberg,* 89 F.3d 333, 340-41 (7th Cir. 1996).

## III. Previous litigation

### A. *In re VMS Securities Litigation*

Counter-defendants contend they were released from their note obligations by a settlement agreement reached in *In re VMS Securities Litigation,* No. 89 C 9448 (N.D. Ill. 1991). This contention is not mandated by the pleadings. First, the settlement agreement is restricted to actions and claims made in connection with certain funds. It is neither clear from the pleadings nor was there any evidence presented to show counter-defendants' notes are related to these funds. In fact, the Trust asserts it can prove the notes are not related to the funds.

Second, it is not clear that the Trust was one of the parties bound by the settlement agreement. The settlement agreement provides that "other defendants" shall release each other from certain claims. The Trust is not listed as an "other defendant" in the agreement. Counter-defendants assert the Trust is an "other defendant" because many of the named "other defendants" assigned their assets to the Trust. Counter-defendants point to no case law to support this proposition. Moreover, VMS Mortgage Company, the entity that assigned the notes at issue to the Trust, is not listed as an "other defendant."

Finally, the relevant sections of the release are limited to claims that exist "to and including the date of signing this stipulation." The stipulation was signed on September 24, 1991. The CRA was not executed until six months later.

### B. *In the Matter of VMS Limited Partnership Securities Litigation*

Counter-defendants further contend they were released from their note obligations by a settlement agreement reached in *In the Matter of VMS Limited Partnership Securities Litigation,* 90 C 2412 (N.D. Ill. 1991). This conclusion cannot be drawn from the pleadings alone. First, the

-5-

settlement agreement only binds "settling defendants." Counter-defendants assert the Trust is a "settling defendant" because many of the "settling defendants" assigned their assets to the Trust. Counter-defendants point to no case law to support this proposition.

In addition, counter-defendants assert they are "released persons" as defined under the agreement. Released persons include all "settling defendants" and their affiliates and associates. It is not clear from the pleadings whether counter-defendants were associates of a "settling defendant," and the Trust disputes this fact.

Finally, released claims are defined as those arising from or in connection with the settled claims. Counter-defendants fail to explain how the Trust's claims relate to the settled claims. Additionally, the Trust points to a provision in the agreement that states each of the "settling defendants" reserve claims not arising from the released claims. The Trust contends its claims do not arise from the released claims. Read in a light most favorable to the Trust, there are genuine issues of material fact pertaining to whether the settlement agreements preclude its claims against counter-defendants.

## CONCLUSION

Counter-defendants' motion for judgment on the pleadings is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

June 12, 2001